**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONALD HIGGS, | : | |
| | : | Civil Action No. 06-2206 (WJM) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHN ROBERTSHAW, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    DONALD HIGGS, Petitioner Pro Se
    #285252-486338
    Mid State Correctional Facility
    Range Road (2 West), P.O. Box 866
    Wrightstown, New Jersey 08562

**MARTINI**, District Judge

This matter is before the Court on Petitioner Donald Higgs' petition for habeas corpus relief under 28 U.S.C. § 2254. For reasons discussed below, the habeas petition will be summarily dismissed as time-barred under 28 U.S.C. § 2244(d).

I. PROCEDURAL BACKGROUND

Petitioner, Donald Higgs ("Higgs"), was convicted on or about October 10, 1996 and sentenced to 25 years in prison with a 5 year mandatory minimum. (Petition, ¶¶ 2-4). He appealed to the New Jersey Appellate Division and the conviction was affirmed sometime in 1998. (Pet., ¶ 9(a), (c)). The New Jersey Supreme

Court denied certification in December 1998.  (Pet., ¶ 9(g), 11(a)).  Thus, petitioner's judgment of conviction became final 90 days after the New Jersey Supreme Court denied certification, or on or about March 31, 1999.[1]  Higgs states that he had filed a state PCR petition on December 26, 2000, more than one year after the judgment of conviction became final; thus, there was no tolling of the limitations period under 28 U.S.C. § 2244(d)(2).  He further states that the state PCR petition was denied on April 16, 2004.  Higgs states that he did not appeal that decision.  He did filed this habeas petition on April 24, 2006,[2] long after the one-year limitations period had expired.

Because the petition appears to be time-barred under § 2244(d)(1), this Court issued an Order to Show Cause, on May 25, 2006, directing petitioner to show cause why his § 2254 habeas petition should not be dismissed as time-barred under 28 U.S.C.

---

[1]  Since Higgs did not provide the exact date the New Jersey Supreme Court denied certification, the Court will give him the benefit of the month and presume that certification was denied on the last day of December.

[2]  Petitioner "filed" the instant petition when he handed it to prison officials to be mailed to the Court for filing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Because there is no indication when petitioner handed his petition to a prison official for mailing, the Court will apply the date on which petition signed his petition, which is April 24, 2006.  However, the petition was not received in the Clerk's Office until May 15, 2006.

§ 2244(d).[3] Higgs responded to the Order by letter dated June 24, 2006. He alleges that the one-year limitations period ran on April 16, 2005, but he had been placed in detention three days before and was unable to file the necessary application on time due to his detention.

## II. STATEMENT OF CLAIMS

In his federal habeas petition, Higgs asserts the following claims for habeas relief:

Ground One: Petitioner was convicted of a "non-existing offense of attempt[ed] carjacking."

---

[3] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer. See, also, Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001); Acosta v. Artuz, 221 F.3d 117, 122-24 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999); Guthrie v. State of Michigan, 194 F.3d 1312, 1999 WL 801502 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Actions. Cf. Scott v. Collins, 286 F.3d 923 (6th Cir. 2002) (distinguishing court's ability to raise the statute-of-limitations issue sua sponte as an initial screening matter under Rule 4 from a court's inability, after the fact, to "cure" a respondent's waiver of the defense in its response to the petition); Nardi v. Stewart, 354 F.3d 1134 (9th 2004). Cf. also Stewart v. Hendricks, 71 Fed.Appx. 904 (3d Cir. 2003) (unpublished) (holding that a district court may not sua sponte dismiss on statute of limitations grounds after respondent has waived the defense by failing to assert it in the answer, but not addressing court's ability to raise the issue sua sponte prior to ordering an answer).

Ground Two: Petitioner's arrest and resulting indictment was unlawful.

Ground Three: Petitioner received ineffective assistance of trial counsel.

Ground Four: Trial judge erred in charging the jury on actual and constructive possession.

### III. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### IV. STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

4

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the

United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[4] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[5] However, the one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618. Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from

---

[5] Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

asserting his rights. Id. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533

8

U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Higgs' judgment of conviction became final on or about March 31, 1999, 90 days after the New Jersey Supreme Court denied certification on or about December 31, 1998,[6] well after the enactment of AEDPA. Therefore, Higgs had one year from March 31, 1999, or until March 31, 2000 to bring his federal habeas petition under § 2254.

The Court also finds that there was no statutory tolling of the limitations period under § 2244(d)(2) before March 31, 2000 because Higgs admits that he did not file his state PCR application until December 26, 2000, after the AEDPA limitations period had expired on March 31, 2000. Higgs asserts that his state PCR petition remained pending in state court until April 16, 2004, when the PCR court denied relief and petitioner declined to appeal from that decision. Therefore, if statutory tolling did apply, the one-year limitations period would have started to run 45 days from April 16, 2004, see N.J.Ct.R. 2:4-1(a), or on May 31, 2004. See Swartz v. Meyers, 204 F.3d at 420-24 (a state PCR petition remains pending from the time it was filed through the time in which an appeal could be filed, even if

---

[6] The Court is required to give petitioner the benefit of the 90 days to file a petition for certiorari with the United States Supreme Court, pursuant to Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.

9

the appeal is never filed).  It appears from Higgs' response to this Court's Order to Show Cause that Higgs mistakenly believed his limitations period did not begin to run until after his state PCR motion was denied on April 16, 2004.  Thus, he erroneously thought that he had one year, or until April 16, 2005, to file his federal habeas petition.  However, he did not file his § 2254 petition until April 24, 2006, long after the limitations period had expired on any of the dates at issue, March 31, 2000, April 16, 2005, or May 31, 2005.

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  See Johnson, 314 F.3d at 161.  In Johnson, the Third Circuit, under similar circumstances, affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred.  The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court.  At that point, the statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the New Jersey Supreme Court denied Johnson's petition for certification, and Johnson then had the remaining 143 days in which to timely file his federal habeas petition.  Johnson, 314 F.3d at 161.  The Third Circuit noted that § 2244(d)(2)'s tolling

provision excludes the time during which a properly-filed state PCR petition is pending, but it does not reset the date from which the one-year limitations period begins to run. Id. at 162 (*citing* Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert. denied, 531 U.S. 840 (2000)). Consequently, because there was no tolling under § 2244(d)(2) since the limitations period had already expired before a PCR petition was filed, the Court finds that this federal habeas petition is time-barred.

Moreover, petitioner offers no valid excuses, extraordinary or otherwise, for equitable tolling. He merely asserts that he was placed in detention three days before he thought the limitations period had expired, and was unable to file his § 2254 application on time. He does not explain why he waited for almost a year after that time to submit the present petition. It also is apparent that Higgs did not know that the limitations period was running from March 31, 1999, and was not tolled by his state PCR petition filed on December 26, 2000. Thus, in light of the Third Circuit's ruling in Johnson, it would appear that, at best, Higgs miscalculated the statutory period by failing to count from the date his sentence became final under § 2244(d)(1)(A), and instead chose to count from one year from the date denial of his state PCR became final. Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling. Fahey, 240 F.3d at

244. Moreover, even if petitioner was ignorant of the fact that the limitations period began to run on March 31, 1999 when his conviction and sentence became final, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.  Accordingly, petitioner does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations.

Therefore, because Higgs failed to file a timely petition and demonstrates no extraordinary circumstances that would allow equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief under § 2254.  Since the § 2254 petition is time-barred under § 2244(d)(1), it will be dismissed.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion.  Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.

                                        s/William J. Martini
                                    _____
                                    WILLIAM J. MARTINI
                                    United States District Judge
DATED: 8/4/06